Case number 3-18-0399. People of the state of Illinois, Appley v. John McCavitt, Appellant. Good morning. Good morning. Mr. Wozniak, are you ready to proceed? I am, your honor. Okay. Fire when ready. Good morning, your honors. Counsel, may it please the court. My name is James Wozniak and I'm counsel for the appellant in this matter, John McCavitt. Today I'd like to focus my oral argument on the first and third issues that I've raised in my brief, which is the offense of unauthorized video recording violated due process and was unconstitutional and that Mr. McCavitt's trial counsel was ineffective for failing to file a motion to suppress. Of course, I'll take any questions on the second issue raised in my brief, which is the speedy trial issue. John McCavitt was charged and convicted of two counts of unauthorized video recording. Specifically, he was convicted of knowingly making a video recording of another person without that person's consent in a restroom. The specific statute also delineates other areas such as a tanning bed, tanning salon, locker room, changing room, or hotel bedroom where these video recordings are illegal. The statute is unconstitutionally overbroad and thus violates due process because it criminalizes a broad array of conduct, including wholly innocent conduct. Give me an example of some innocent unauthorized videotaping. Several that I've laid out in the briefs, which would be a parent filming a child in the restroom, not even using the restroom, maybe doing something funny as to what the parent would think, filming someone that's working on the bathroom, a contractor. I could see instances for someone that's like a victim of domestic violence and that assault is occurring in a bathroom. I can also think of an example of people, which is very commonplace today as we see videos all the time in the news of someone filming police officers who these people may think of as officers are violating their rights and they want to document this and the conduct is occurring in a restroom. The issue with the statute is that it delineates locations where it says that these videos are unauthorized and thus illegal, but it doesn't delineate the conduct and that's where it's overbroad. When you think of some of the other locations that are listed, that overbreadth and due process violation becomes more clear. The tanning salon is listed. A tanning salon is not defined in the statute. So a tanning salon would include, one would assume the entirety of the business, which would include the waiting room, the lobby. Many businesses may have a camera that's filming people entering or exiting their business or a camera over top of the cash register to make sure that there's not unauthorized transactions. Under the statute, all those recordings would be to criminalize when they passed this statute. But here, all of the examples that I've laid out in the briefs or stated here in oral argument could be criminalized under the statute. I think this case is very on point with the madrigal decision of the Supreme Court, which was involving the identity theft statute. In the identity theft statute, it was again using personal information of another and was using it without their consent. And the madrigal court struck that provision of the identity theft down as unconstitutional, stating that it would potentially punish a broad array of innocent conduct and gave a myriad of examples. And thus, it was not a rationally based to make illegal what conduct the statute assumed was set out to attempt to make illegal, which taking someone's social security number or credit card number to then maybe open up an account, one would assume that that's what the purpose of the identity theft statute was and what conduct to criminalize, but it criminalized a broad array of wholly innocent conduct just as this statute does as well. Appellant recognizes that this exact argument was brought up in the second district in the in the mail it decision. And the mail decision ruled that this was not a violation of due process. The statute is not a violation of due process. But that decision was wrongly decided. The mail it decisions, the what the court focused on there is that he said the precise activities that the statute was meant to punish, which was the non consensual video recording of the person in a location where she or she has a heightened expectation of privacy. But again, the way the statute is written, it violates all non consensual recordings in these locations, regardless of the content content. So bathroom, there are things you would do in a bathroom or restroom where you would have a heightened expectation of privacy, but not always. Simply standing in a bathroom, a restroom and being filmed and not doing any of the activities that a bodily function or in any state of undress is still penalized under the statute. And again, since this statute covers all recordings, and doesn't delineate specific conduct or specific content of those recordings, it's over broad and fails the rational basis test. This court should hold that Mr. McAbbott convictions pursuant to the statute are were unconstitutional should vacate his convictions and sentences. Does the court have any other questions about this first issue? No. So moving on to the third issue that I raised in the briefs is that Mr. McAbbott's counsel was ineffective for failing to file a motion to suppress evidence about or suppress the evidence of was taken off a mere copy of his computer. He was Mr. McAbbott was prosecuted in another case, there was a search warrant that took that computer, a mere copy was made for the police investigation, and Mr. McAbbott eventually acquitted of that offense. At that point, what this court ruled in the previous decision of Mr. McAbbott's case, which was involving a different case, is that the police did not have a right to search the copy of his hard drive without obtaining a search warrant, which they did. Let me ask you a question. Let's talk about whether that decision makes any sense. Let's hypothesize the police enter a house to execute a search warrant. And during the search warrant, they're looking for drugs or whatever. And during the search warrant, the execution of the warrant, they photograph what they see. They're in there legally, and they photograph this stuff. Well, that case goes to trial and doesn't matter, acquitted or convicted. And then sometime later, somebody reports some stolen jewelry, and this piece of jewelry that might be very unique and one of a kind. And so the coppers are back there. And one officer goes back and looks at those photos that they still have at the police station and sees that unique piece of jewelry sitting on a nightstand or something, which they didn't think can hang up at the time they executed the search warrant. Is that an illegal search? I, the photograph, I think, is different here than what happened here. Here is a computer with every single file that a person has on the computer. I think what this would be more akin to is, take your example, Justice Schmidt, and it's the police come in and it's a taxi evasion investigation or something and takes photocopies of every single document that a company has or a person has for a limited date, then investigate and look at these certain documents or all the investigation. Once that investigation is done, I think you have an issue of a privacy violation if the police then can go back at any time, a year in the future, decades in the future, and then look at the photocopies of every single file that was taken. And I think that's different than a photograph. Well, isn't making a copy of a hard drive this pretty much virtually the same thing as photographing the hard drive? I mean, you're making a copy. And at the time they photographed, whatever it is they can see, they had a legal right to see when they photographed it. And the police had a legal right to see what was in his computer. It's not like they could go back and get into his computer after it's returned to him and see changes made since the time that they could legally view it. That hard drive that the police had is in the same state as it was when the copy is what it was they had a legal right to view. Yes. I mean, the copy didn't change, obviously. But they would have the ability to go back by keeping the copy and never returning to him. And then at their leisure, going back and looking at means that anytime the police could go back and look inside a computer for whatever they want to look for. And we all know that I'm going to assume that most people's computers similar to their phones and all that has a wealth of information on their emails, their financial information, personal. What would be your position if instead of after the termination of the first case, the officer here viewed the computer file while it was still in process the first case and remembered what he had observed in the way of images in that copy and used that for a subsequent search or whatever you want to do? I think that would potentially be appropriate if you got a subsequent search warrant once the previous prosecution ended. If then the police then got a subsequent search warrant based on that he only had a right of privacy because the first case ended. That's basically what you're saying. Well, he had a right to privacy in his computer from the beginning. And then when the search warrant, a valid search warrant, we're not arguing the first search warrant that took his computer and made a mirror copy was not improper. It was proper. We're not making an argument that was not proper. His expectation of privacy dissipates, obviously, when the police have the copy of his hard drive during dependency of that case. But as soon as that case is over, his right to privacy is as full as it was before the police took. And that's what was this court ruled in the previous McCavitt decision. At that point, either the copy needs to be returned to Mr. McCavitt or the police need to destroy it so that they can't go back in and search warrant at all for evidence of unauthorized video recording. The subsequent search warrant that was done was for child pornography, which was then the basis of the previous McCavitt appeal. Are there any other questions? I have a question just about the issue of ineffective decision going back to the posture where the case was at. At the time, there was had been a motion to suppress and the other McCavitt case that had been denied. Correct. And so this council, is there enough in this record to determine why they're my counsel did or did not do something you know, the argument is you should have found motion to suppress because, you know, now we know that one panel in this court has determined that, you know, that you should not have been able to use that copy of the computer file. Now, but at the time that this case was moving forward, a motion to suppress will be filed here. But with that, you know, do we need to find out if it was a matter of trial strategy or what is considered to be futile by my counsel? It looks like my time is up. But if I can be allowed time to answer your question, Justice. You're correct. There was a previous counsel on the child pornography case that filed the motion suppress that was denied. Subsequent counsel took over this case that's the subject of this appeal today. Before Mr. McCavitt was sentenced and before the post trial motion was argued, if I recall. So, so subsequent counsel that we're saying is ineffective for not filing a motion to suppress would have reviewed the record from the previous case because he filed a motion to suppress in or he filed a post trial motion, which if I recall, brought up that the court was wrong for denying that motion to suppress. So, counsel was was privy to the motion to suppress that was filed all that information and did not file it here. Subsequently, the court in that first case that said, well, that was a violation of Mr. McCavitt's constitutional rights. And had counsel filed the motion here, it would have been meritorious because it was meritorious on Mr. McCavitt's previous appeal. I hope that answers your question. Thank you. Mr. Nicolosi. Morning, Your Honors. May it please the court. Mr. Wozniak. My name is Justin Nicolosi. I am a member of the court. I'm here on behalf of the state in this appeal. Just as Mr. Wozniak did, I will respond to issues one and two or one and three. And if there are any questions on issue two, I'd be happy to answer those. Focusing on the, the constitutionality of the unauthorized video recording statute at issue, which is section 26-4A of the criminal code. The state submits that this is a constitutional statute that did not deprive defendant or anyone of their due process rights.